UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                 Civil Action No. 00-73323
                                        Honorable John Corbett O'Meara
v.                                     Magistrate Judge Elizabeth A. Stafford

JAMES R. REGAN, JR.,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY REGAN'S OBJECTIONS
TO GARNISHMENT AND CLAIM FOR EXEMPTIONS [R. 17; R.18]**

**I.    INTRODUCTION**

After the United States of America obtained a writ of continuing garnishment as to his employer, Motor City Express Limousine LLC, Defendant James R. Regan, Jr. filed a request for hearing about the garnishment and claim for exemptions [R. 17] and a request for hearing about the answer filed by the garnishee [R. 18], which the Honorable John Corbett O'Meara referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636(b)(3). [R. 21]. The Court held a hearing on November 20, 2015, at which Eric Turnbull appeared on behalf of the United States and Regan appeared on his own behalf. Because he fails to present any proper objections or exemptions, the Court **RECOMMENDS**

**DENYING** Regan's objections to the garnishment and claim for exemptions [R. 17; R. 18] and entering an **ORDER** directing Motor City Express to release Regan's garnished earnings – if any exist[1] – to the United States.

## II. BACKGROUND

The United States of America ("United States") filed this action in July 2000 to recover a student loan debt owed by Regan. [R. 1]. The underlying debt is evidenced by a promissory note Regan signed on September 9, 1987. [R. 20, PgID 56-57]. During the hearing, Regan confirmed that the signature on the promissory note was his. On September 15, 2000, the Court entered a default judgment against Regan in the amount of $4,360.28, plus post-judgment interest at a rate of 8.00%, because he failed to appear and defend the action after he was served with process. [R. 6]. As of June 19, 2015, the amount owed is $11,314.48 – due to costs and interest. [*See* 11-1, PgID 9].

In an effort to collect on the underlying debt, the United States sought a writ of continuing garnishment as to Regan's employer, Motor City Express. [R. 11]. On June 22, 2015, the Clerk of Court issued a writ of

---

[1] During the hearing, counsel for the United States informed the Court that Motor City Express's answer to the garnishment indicated that Regan worked on a gratuity basis and there were no wages to be garnished. Nonetheless, the United States wishes to maintain the garnishment in case Regan collects wages from Motor City Express in the future.

continuing garnishment and a notice of garnishment as to Motor City Express. [R. 14]. On September 18, 2015, the United States served the writ of continuing garnishment on Motor City Express and served Regan with the clerk's notice of garnishment, the writ of continuing garnishment, a request for hearing form, and claim of exemptions form. [R. 16].

On September 24, 2015, Regan filed a request for hearing about the garnishment and claim for exemptions [R. 17] as well as a request for hearing about the answer filed by the garnishee [R. 18]. In each request, Regan objects to the garnishment by summarily stating, "I did not attend the school." [R. 17; R. 18]. He does not present any other argument in support of his objection to the garnishment, and he fails to select any of the exemptions on the claim of exemptions form. [*Id.*]. The United States responded to both requests on October 1, 2015, arguing that Regan's objections were improper and that any garnished funds should be released to the United States. [R. 20].

### III.   ANALYSIS

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the

debtor." 28 U.S.C. § 3205(a).  A judgment debtor may "file a written objection to the answer of a garnishee and request a hearing." 28 U.S.C. § 2805(c)(5).  Exemptions to the garnishment are available under both federal law and state law.  See 28 U.S.C. § 3014(a)(2)(A).  A party who claims an exemption from a writ bears the burden of proving his entitlement to that exemption.  *Id.*, § 3014(b)(2); *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

The claim for exemptions form lists "major exemptions" under both federal law and state law.  [R. 18, PgID 43-48].  Regan attached this form to his request for hearing about the answer filed by the garnishee, but he did not select any exemption or otherwise claim, in his filings or during the hearing, that a statutory exemption applied.  [*See* R. 18].  His only argument ("I did not attend the school") does not constitute a proper exemption under either federal or state law.[2]  [See *id.* (list major of exemptions under federal and Michigan law)].

Instead of relying on a valid exemption, Regan's argument challenges the underlying debt, which the Court will treat as a motion to set aside the default judgment.  See *United States v. Willhite*, No. 99-73910, 2015 WL

---

[2] During the hearing, counsel for the United States said that the underlying school is now closed, and he agreed to provide Regan with information regarding the administrative process of reviewing closed schools and the steps Regan can pursue to attempt to have the debt discharged.

4

4715963, at *1 (E.D. Mich. Aug. 7, 2015) (treating challenge to the validity of the underlying debt as a motion to set aside judgment). A default judgment may be set aside for any of the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of the adverse party; (4) the judgment is void; (5) the judgment is satisfied, released or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 55 & 60(b). The first factor is paramount; "a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002).[3]

Default should be liberally set aside "[w]here default results from an honest mistake rather than willful misconduct, carelessness or negligence . . . ." *United Coin Meter Co. v. Seaboard Coastline RR.,* 705 F.2d 839, 845 (6th Cir. 1983) (citation and internal quotation marks omitted). In *United Coin Meter*, the Sixth Circuit set aside the default judgment where the defendant had an honest misunderstanding of the date on which its answer

---

[3] If Regan met this burden, the Court would also be required to consider: (1) whether the United States will be prejudiced if the judgment is set aside; (2) whether Regan has a meritorious defense; and (3) whether his culpable conduct led to the default. *United Coin Meter Co. v. Seaboard Coastal Line R.R.,* 705 F.2d 839, 845 (6th Cir. 1983).

was due. *Id.* at 842-45.

Here, Regan's default was the result of his culpable conduct, not an honest mistake. He admitted during the hearing that he signed the promissory note at issue and received service of the July 2000 complaint. His explanation for failing to answer the complaint – that he had a number of other debts and pressures at that time – describes negligence or carelessness. Given that, the Court has no basis for setting aside the default judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS DENYING** Regan's objections to the garnishment and claim for exemptions and entering an **ORDER** directing Motor City Express to release Regan's garnished earnings – if any exist – to the United States.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: November 23, 2015

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

6

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 23, 2015.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager